IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT A. STONE, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO.
 )
THE CHURCHILL GROUP INC., ) CV-01-AR-0485-S
 )
    Defendant. )

## MEMORANDUM OPINION

    Before this court is the motion for summary judgment filed by defendant, The Churchill Group, Inc. ("Churchill"). Plaintiff, Robert A. Stone ("Stone"), brought this action under the Americans with Disabilities Act after he was fired from his job as a maintenance man at something called "Regency of Alabama Mobile Home Park." For reasons hereinafter set out, this court will deny Churchill's motion.

    On August 7, 2000 Stone was hired to work at Regency of Alabama Mobile Home Park. On August 24, 2000 Stone was fired. He contends that his termination constituted unlawful discrimination against him by his employer because of his disability. Stone alleges that he is disabled as the result of a childhood hot water accident that disfigured and crippled both of his hands. Admitted Churchill employee, Valerie Welch, responded to Stone's Equal Employment Opportunity Commission complaint by asserting that Stone was fired because he did not perform his

duties adequately and not because of any disability he may have.

Churchill moved to dismiss the action under Rule 12(b)(6),F.R. Civ. P., claiming that Regency of Alabama, not Churchill, employed Stone. This court converted the said motion into a Rule 56 motion and allowed the parties forty five days of discovery limited to the question of whether Churchill employed and discharged Stone. If it is undisputed that Churchill did not employ Stone, the action cannot can not survive summary judgment because Stone will have sued the wrong party.

The issue before this court is whether there is proof upon which a reasonable jury could find that Churchill was Stone's employer. An employer, for purposes of the ADA is "a person engaged in an industry affecting interstate commerce who has fifteen or more employees...and any agent of such person."[1]  42 U.S.C. § 12111(5)(A). The cases published on the question of who is an employer, including those cited by Churchill and Stone, and the tests they use, deal with the methodologies courts use to determine whether to aggregate entities in order to reach the magic number fifteen.[2] In this action, the court has not been asked to aggregate the employees of two entities, but rather to consider if a single entity, Churchill, employed and fired Stone. Therefore, the court will not use any of these tests, though the

---

[1] The text replaced by the ellipses deals with the time during which the putative employer must have the requisite number of employees.

[2] *See McKenzie v. Davenport-Harris Funeral Home*, 834 F. 2d 930 (11th Cir. 1987), *Fike v. Gold Kist*, 514 F. Supp. 722 (S.D. Al. 1981) *and Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F. 3d 1236 (11th Cir. 198).

outcome would likely be the same if it did.

Churchill has offered evidence to support its claim that Regency of Alabama and not Churchill, employed and fired Stone. What kind of entity Regency of Alabama is, and how it is connected with Churchill, remain murky. Churchill is ostensibly a corporation. There is a paycheck to Stone drawn on "Regency of Alabama", not on Churchill. There is also an Internal Revenue Service Form W-4 that lists "Regency of" as Stone's employer. Churchill's motion, then, stands or falls on whether Stone has presented enough evidence counter to Churchill's evidence so as to allow a reasonable finder of fact to conclude that Churchill employed Stone. This court, then, turns its attention to Stone's evidence on this subject.

Valerie Welch, a Churchill employee, testified that the "management" that hired Stone on a probationary period included her and the park manager.[3] Theresa Dwyer, another Churchill employee,[4] testified that the hiring of employees at Regency of Alabama is approved by Churchill employees, Valerie Welch and Markee Travis.[5] Dwyer further testified that the termination of Stone's employment, in order to be effective, must have been approved by Churchill employee, Valerie Welch.[6] Dwyer also

---

[3] Welch's depo. Page 18, lines 10-12.

[4] Dwyer's depo. Page 5, lines 9-11.

[5] Dwyer's depo. Page 10, line 22 - Page 11 line 5.

[6] Dwyer's depo. Page 16, line 25 - Page 17 line 4.

testified that Welch, a Churchill employee, was responsible for the Human Resources functions of Regency of Alabama.[7] Dwyer testified that she has the title of Human Resources Representative.[8] Because, under Rule 56 analysis this court considers all evidence in the light most favorable to the non-moving party, the court will assume that Dwyer is the Human Resources Representative of Churchill and Regency of Alabama.

Because Churchill employees constituted Stone's "management", approved the hiring and firing of Stone, and performed human resource functions in relation to Stone, there exists a genuine issue of material fact as to what entity employed and fired Stone. It could have been Churchill based on the evidence submitted thus far. This court will deny Churchill's Rule 56 motion.

The parties should not construe this opinion as a court finding that Churchill was, in fact, Stone's employer, or a court finding that Churchill, in fact, had fifteen employees. The disputes over these fact issues remain for jury determination.

DONE this 31st day of August, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Dwyer's depo. Page 34, lines 1-6.

[8] Dwyer's depo. Page 38 lines 3-14.