IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT A. STONE,

    Plaintiff,

v.

THE CHURCHILL GROUP, INC.,

    Defendant.

CIVIL ACTION NO.
01-AR-0485-S

FILED 03 NOV 12 PM 2:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 12 2003

## MEMORANDUM OPINION

The court has for consideration the following post-trial motions, supported and opposed by briefs, affidavits, and oral argument:

1. Defendant's amended motion for judgment as a matter of law and alternative motion for a new trial and/or for remittitur.

2. Plaintiff's alternative motion for limited discovery on the question of the number of defendant's employees for the purpose of establishing the cap on damages under the Americans with Disabilities Act ("ADA").

3. Plaintiff's alternative motion for a jury trial on the issue of the number of defendant's employees for purpose of establishing the cap on damages under the ADA.

The court would allow plaintiff, Robert A. Stone ("Stone"), limited discovery on the question of the number of defendant's employees and would consider empaneling an advisory jury **if** an evidentiary hearing were called for on the subject of the number of defendant's employees. The court, however, is convinced that

81

defendant, The Churchill Group, Inc. ("Churchill"), has already properly been determined to have over 100 employees for the purpose of establishing the cap on allowable damages under the ADA.

The change in Churchill's counsel between trial and post-trial does not change the fact that the case was tried with the clear understanding that Churchill was Stone's employer. It seems to be Churchill's post-trial position that Regency of Alabama was Stone's employer. The time for making such an assertion was then and not now. At pretrial and at trial, the court gave Churchill every opportunity to deny that it was Stone's employer, but it would not do so. The question has been decided by judicial estoppel, if not by the evidence.

The evidence was also more than sufficient to justify the court's earlier conclusion that Churchill, with its clearly interrelated operating entities, comprises a single enterprise, aggregating employees for the purpose of establishing the cap, Churchill's post-trial self-serving evidentiary submissions to the contrary notwithstanding. Therefore, no purpose would be served in conducting an elaborate evidentiary hearing or in opening discovery as to an issue that has already been decided on sufficient evidence. It is not as if Churchill were filing a Rule 60 motion and claiming newly discovered evidence.

Defendant's post-judgment motions will be denied by separate order. This will render moot plaintiff's post-trial motions.

DONE this  12th  day of November, 2003.

   /s/ William M. Acker
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE